1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JUDITH RICHARDSON, | ) ) | Case No. 2:15-cv-01936-LDG-NJK |
| Plaintiff(s), | ) ) | ORDER |
| vs. | ) ) | (Docket No. 20) |
| SMITH'S FOOD & DRUG CENTERS, INC., | ) ) | |
| Defendant(s). | ) ) ) | |

Plaintiff alleges that she slipped and fell in one of Defendant's stores on September 21, 2013. *See* Docket No. 1-1 at ¶¶ 7-8. Plaintiff testified that she had applied for social security disability benefits thereafter, but never before 2013. *See* Docket No. 20-1 at 13. During the discovery period, Plaintiff provided an authorization for Defendant to obtain her social security records. Docket No. 26-1. Defendant did not obtain those records. *See* Docket No. 28 at 4. Following the close of discovery, Plaintiff disclosed an award of social security disability benefits. *See* Docket No. 20-2.[1]

Now pending before the Court is Defendant's motion to compel discovery regarding Plaintiff's social security records. Docket No. 20. Defendant argues that the disclosure of the social security award letter is a "bombshell," Docket No. 28 at 2, because it shows that Plaintiff lied throughout the discovery process and had actually sought social security disability benefits in 2011 for the same injuries she is now

---

[1] Defendant asserts that Plaintiff's disclosure of the social security award letter was untimely. Docket No. 20 at 2. The timeliness of that disclosure and the repercussions from any untimeliness are not squarely before the Court. The Court expresses no opinion herein as to those issues.

1  claiming resulted from the alleged incident in Defendant's store in 2013, *see, e.g.*, Docket No. 20 at 2-5.

2  The Court fails to discern a factual basis for Defendant's contentions of discovery violations and deceit,

3  and the pending motion is **DENIED**.[2]

4  In pertinent part, the social security award letter underlying Defendant's motion states as follows:

5  "You said that you are disabled since 06/01/11 due to having neck, back injury, lower back injury,

6  numbness in hands and feet, whiplash of the spine, and arthritis."  Docket No. 20-2 at 4.

7  Defendant extrapolates two key factual contentions from this letter, neither of which are readily

8  apparent to the Court.  First, Defendant contends that the letter illustrates that "*Plaintiff originally applied*

9  *for disability benefits on June 1, 2011*."  Docket No. 20 at 4 (emphasis in original); *see also* Docket No.

10  28 at 2 ("*Plaintiff applied for disability benefits two years before the accident*" (emphasis in original)).

11  Defendant misunderstands the letter, which asserts that Plaintiff alleged in her application that her disability

12  began on June 1, 2011.  The letter does not state (or even imply) that she applied for benefits on that date.

13  The disability onset date and the application date are separate issues.  Indeed, it is not uncommon for social

14  security claimants to allege a disability onset date preceding their application date by several years.  *See,*

15  *e.g.*, *Nikolic v. Colvin*, 2016 WL 5723696, at *3 ("On August 12, 2011, Plaintiff filed an application for

16  disability insurance benefits alleging that she became disabled on April 30, 2009"), *adopted*, 2016 WL

17  5661898 (D. Nev. Sept. 28, 2016); *Graves v. Colvin*, 2016 WL 3360669, *3 (D. Nev. Mar. 29, 2016) ("On

18  February 24, 2012, Plaintiff filed an application for disability insurance benefits alleging that he became

19  disabled on January 1, 2007"), *adopted*, 2016 WL 3360657 (D. Nev. June 8, 2016).  In short, Defendant

20  has failed to substantiate its basic contention that the social security award letter reveals a prior application

21  for social security benefits that Plaintiff lied about not having filed.

22

23

24  [2] As an initial matter, Defendant frames the instant motion as one to compel discovery.  "When a party fails to provide requested discovery, the requesting party may move to compel that discovery."

25  *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, __ F.R.D. ___, 2016 WL 4071988, *2 (D. Nev. July 28, 2016).  That is not the situation here, as Defendant previously requested a

26  social security authorization and one was provided.  Defendant now seeks an additional authorization beyond what was previously requested and produced.  *See* Docket No. 20 at 1.  As Plaintiff notes, the pending

27  motion is more properly construed as a motion to reopen discovery so that an additional request may be

28  propounded.  *See* Docket No. 26 at 4.  Nonetheless, the motion fails regardless of how it is construed.

1   Second, Defendant contends that the social security award letter evidences that Plaintiff's social

2   security application asserted injuries to her neck and back stretching back to 2011 (*i.e.*, before the incident

3   alleged in this case). *E.g.*, Docket No. 20 at 4; Docket No. 28 at 2. While there is some ambiguity in the

4   phasing of the letter, it does not indicate on which dates Plaintiff claimed to suffer from which ailments.

5   Once again, it is important to keep in mind how social security disability claims are processed. Social

6   security claimants do not always claim a consistent medical status from the alleged disability onset through

7   the date of the award; the alleged disability onset date may be based on some symptoms and concurrent

8   limitations, but those symptoms and limitations may change over time. *See, e.g.*, *Stone v. Heckler*, 761 F.2d

9   530, 532 (9th Cir. 1985) (addressing how an administrative law judge should analyze the medical record

10  when a claimant is experiencing deteriorating conditions).[3]  The letter reveals only that Plaintiff claimed

11  to be disabled based on at least some of the symptoms identified as of June 1, 2011, but provides no

12  indication that she claimed that the neck and back injuries raised in this case existed prior to the 2013

13  incident.[4]

14      In short, Defendant's motion is predicated on its accusation that Plaintiff engaged in egregious

15  discovery misconduct by lying under oath that she had not applied for social security benefits before the

16  2013 incident and lying that she had not previously had the neck and back injuries she now alleges resulted

17  from the incident at issue in this case. These are very serious accusations. The only evidence offered up

18  to substantiate the accusations, however, is a social security award letter that establishes neither.[5]

19

20

21   [3] Because medical conditions are not generally static, pin-pointing the date on which disability onsets

22  is not always a straightforward endeavor. *See, e.g.*, *Graves*, 2016 WL 3360669, at *3.

23   [4] Defendant also asserts that the social security award letter evidences medical treatment for these

24  injuries prior to the incident alleged in this case. *See* Docket No. 20 at 7. The social security award letter
    does not indicate that any such medical treatment was sought or provided. *See* Docket No. 20-2. Moreover,

25  it appears the medical reports identified in the social security award letter were all produced in this case, as

26  well. *See* Docket No. 26 at 3.

27   [5] Defendant cannot point to any other aspect of the social security record to corroborate its reading
    of the social security award letter because either (1) such corroboration does not exist or (2) Defendant failed

28  to obtain that record during the discovery period despite having an authorization to do so.

3

1    Defendant has failed to establish any factual basis for the relief sought.  Accordingly, the pending

2  motion is **DENIED**.

3    IT IS SO ORDERED.

4    DATED: October 13, 2016

5                                          _____
                                           NANCY J. KOPPE
6                                          United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4